T.C. Memo. 1998-285

UNITED STATES TAX COURT

STEVE D. PUTNAM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 771-97.                          Filed August 5, 1998.

Carl M. Joerger, for petitioner.

Michael Salama, for respondent.

MEMORANDUM OPINION

NAMEROFF, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]  Respondent determined a deficiency in petitioner's 1993
Federal income tax in the amount of $3,801.  The sole issue for

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

decision is whether petitioner is entitled to deduct unreimbursed employee expenses and miscellaneous expenses claimed on Schedule A in the amount of $12,694.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Manhattan Beach, California.

During the 1993 taxable year, petitioner was employed by Texas Instruments (TI) as an outside field sales representative. Petitioner was employed by TI from July 14, 1986, until January 4, 1994. As an outside field sales representative, petitioner's duties consisted of calling on the engineering and purchasing groups of certain technical companies (hereinafter referred to as customers). Petitioner was successful at his job by increasing his sales every year and was voted "most valuable player" for the years 1992 and 1993. Petitioner earned $86,176.56 in compensation from TI in 1993.

Petitioner met regularly with customers to discuss business, and frequently they would meet at restaurants. If petitioner paid the restaurant bill, he would occasionally seek reimbursement from TI. When seeking reimbursement from TI, petitioner would fill out a form stating the date, time, amount spent, nature of business, individuals present and with which

business they are associated, name of restaurant, and purpose, benefit, and nature of discussion.  Petitioner mostly sought reimbursement of business lunches and occasionally dinners.  For example, petitioner was reimbursed for 77 meals in 1993, and of those, at least 8 were evening dinners and 7 took place on the weekend.[2]

On his return, petitioner deducted amounts for meals that were not reimbursed by TI.  According to petitioner, his boss at the time, Robert Fullerton (Mr. Fullerton), told petitioner that TI would not reimburse for dinners, alcohol, or any weekend expenditures, even though they were incurred with customers.  According to petitioner, Mr. Fullerton's reasoning was that time after work and on the weekend was considered the employee's own time.

Petitioner took customers out for numerous meals during his own time.  Petitioner presented copies of restaurant receipts that he retained.[3]  Of roughly 46 receipts, most of the meals were evening dinners, while about 5 were for weekday meals during the day.  Petitioner incurred expenses during his own time

---

[2]  This information was obtained from copies of credit card receipts that petitioner turned in to TI for reimbursement.  The time of day is printed on certain receipts.  We note that on 39 of the 77 receipts, the time of day was either not printed or was illegible.

[3]  The copies were, in some instances, too difficult to decipher.

because it increased his sales. Petitioner did not explain why he was granted reimbursement from TI for at least eight evening meals and seven weekend meals, which were presumably on his own time. Petitioner also did not explain why he did not seek reimbursement for the five weekday lunches he claimed deductions for.

Petitioner went with customers on two ski weekends to Aspen, Colorado, and Mammoth, California. Petitioner bought meals and lift tickets for the customers. On these trips and at some of the meals, petitioner's fiancee, Jodi Knox (Ms. Knox), was present.

Twice during 1993, petitioner and Ms. Knox attended the weddings of customers. The customers were also petitioner's friends. One wedding was in British Columbia, and the other was in Baltimore, Maryland. For both weddings, expenses were incurred for airfare, hotels, rental cars, and meals. Petitioner deducted these expenses as unreimbursed business expenses.

Petitioner also deducted $167 for professional publications. Petitioner subscribes to newspapers, allegedly so he can be apprised of new companies and check the financial well-being of existing companies in his territory.

Petitioner purchased a modem and motherboard for his home computer. This enabled him to log into the TI database from home. Petitioner was told that TI did not reimburse computer

expenses because computers were available to TI employees in the office.  Petitioner deducted these computer-related purchases on Schedule A.

Petitioner purchased birthday gifts for two of his customers.  During 1993, he purchased a gift certificate, flowers, and merchandise from a ski shop for these customers. These expenses were deducted by petitioner as business expenses.

None of petitioner's 1993 expense reports were declined. Petitioner did not submit any of the above-mentioned expenses for reimbursement.

On his 1993 tax return petitioner claimed the following as unreimbursed employee expenses:  Travel $3,862, meals and entertainment $4,225,[4] and gifts $214.  For other miscellaneous itemized deductions, petitioner claimed a deduction of $214 for computer services and $167 for professional publications. Petitioner also claimed vehicle expenses and parking fees as unreimbursed employee expenses in the amount of $5,201.  However, petitioner conceded at trial that he received a reimbursement for auto expenses from TI in the amount of $5,588.27.  While there were numerous other expenses claimed, these were the only items that were raised at trial by petitioner.[5]

---

[4]  The amount for meals and entertainment was reduced by petitioner to $2,362 in a brief filed after trial.

[5]  Petitioner has the burden of proof concerning all
(continued...)

At trial, respondent called as a witness Gloria Nero (Ms. Nero), who is the asset accounting manager for TI. Ms. Nero supervises employees whose responsibility it is to audit expense statements of TI employees to see whether they conform to TI policy. If they conform, they are submitted for payment, and the employee who incurred the expense will be reimbursed. Ms. Nero presented a copy of the reimbursement policy that was in effect for 1993.

According to Ms. Nero and the reimbursement policy, employees are reimbursed by TI for meals and entertainment, travel, business gifts, alcohol purchases, and computer services. It does not matter what time of day or which day of the week meal expenses are incurred, so long as they are for a TI business purpose and are ordinary and necessary.

Respondent contends that the expenses petitioner incurred should not be allowed as unreimbursed business expenses, because TI would have reimbursed petitioner if he had submitted an expense report. Respondent also contends that if the expenses were not allowed by TI, it is because the expenses are primarily

[5](...continued)
deductions that were disallowed. Rule 142(a). Petitioner offered no testimony and introduced no evidence regarding the other claimed deductions. We therefore find that petitioner abandoned the remaining items, and those deductions will not be allowed. Items that were not discussed include: Telephone, business clothing and cleaning, dues, business expenses, cellular phone, tax preparation, office supplies and postage, investment income expense, and miscellaneous.

personal expenditures and not ordinary and necessary costs of doing business.

Discussion

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. The performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). An ordinary expense is one that is common and acceptable in the particular business. Welch v. Helvering, 290 U.S. 111, 113-114 (1933). A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). An employee's trade or business is earning his compensation, and generally only those expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60. Section 262 disallows deductions for personal, living, or family expenses.

When an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim such reimbursement, the expenses are not deductible because they are not "necessary"; i.e., it is not necessary for an employee to remain unreimbursed for expenses to the extent he could have been reimbursed. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Lucas v.

Commissioner, 79 T.C. 1, 7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972). Furthermore, the mere failure of an employee to seek reimbursement cannot convert the employer's expenses into the employee's. Kennelly v. Commissioner, supra. The employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement. Podems v. Commissioner, 24 T.C. 21, 23 (1955). Moreover, the prohibition of deductions for reimbursable expenses is a "bright line rule" and applies even when the employee is unaware that the expenses are reimbursable. Orvis v. Commissioner, supra.

During 1993, TI had a policy of reimbursing meals and entertainment, travel, computer, and gift expenses incurred in pursuit of company business. Petitioner never sought reimbursement for the claimed expenses in 1993, and he has not shown that reimbursement would have been denied for those expenses that constituted ordinary and necessary business expenditures.

Petitioner testified that similar expenses had been turned down before 1993 by his boss, Mr. Fullerton. Petitioner did not call Mr. Fullerton or another representative from TI to testify in support of his claim, which raises the presumption that the testimony would not have been favorable to petitioner. Wichita

Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). We have only petitioner's self-serving testimony, which is contradicted by the testimony and evidence provided by Ms. Nero. Petitioner also had at least eight evening meals and seven weekend meals reimbursed by TI during 1993, which undermines his statements that evening and weekend meals were not reimbursable.

Petitioner argues that by entertaining the customers he increased his sales, which benefited TI. Nevertheless, the deductions for valid business expenses properly belong to TI, not petitioner. Kennelly v. Commissioner, supra.

Generally, the cost of a daily newspaper of general circulation is a nondeductible personal expense. Sec. 262; Wallendal v. Commissioner, 31 T.C. 1249, 1252 (1959). Petitioner contends that he subscribed to the newspaper to read the business page in order to check on new and existing companies. Petitioner did not demonstrate that he subscribed to the newspaper solely or principally for business purposes. Wallendal v. Commissioner, supra. A general circulation newspaper clearly contains a significant amount of information which is inherently of a personal interest. Pollak v. Commissioner, T.C. Memo. 1984-597.

In sum, we find that petitioner is not entitled to deduct the unreimbursed employee expenses or the miscellaneous expenses claimed on Schedule A.

Decision will be entered

for respondent.