T.C. Summary Opinion 2011-29

UNITED STATES TAX COURT

CHERYL LYNN DE WERFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16355-08S.            Filed March 14, 2011.

Cheryl Lynn de Werff, pro se.

<u>Matthew D. Carlson</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $8,418 deficiency in petitioner's 2004 Federal income tax and a $1,683.60 accuracy-related penalty pursuant to section 6662. After concessions by respondent, the issues for decision are: (1) Whether petitioner is entitled to a medical expense deduction in excess of that allowed by respondent; (2) whether petitioner is entitled to certain charitable contribution deductions; (3) whether petitioner is entitled to certain miscellaneous itemized deductions reported on Schedule A, Itemized Deductions; and (4) whether petitioner is liable for an accuracy-related penalty pursuant to section 6662.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in California.

Petitioner timely filed a 2004 Form 1040, U.S. Individual Income Tax Return. On the return petitioner reported adjusted gross income of $71,806 and claimed itemized deductions of $84,514. On Schedule A petitioner claimed certain itemized deductions as follows:

| Expense | Amount |
|---|---|
| Medical and dental | [1]$2,802 |
| Cash gifts to charity | 4,581 |
| Noncash gifts to charity | 8,500 |
| Miscellaneous | [2]46,651 |

[1]Petitioner claimed $8,187 of medical expenses. After application of the 7.5-percent floor, see sec. 213(a), petitioner's claimed medical expenses deduction was $2,802.

[2]Petitioner's claimed miscellaneous deductions included $44,598 for unreimbursed employee expenses, $808 for tax preparation fees, and $2,681 for "asset preservation". After application of the 2-percent floor, see sec. 67(a), petitioner's claimed miscellaneous itemized deduction was $46,651.

During 2004 petitioner paid $3,235.37 in copayments for prescription drugs, $173.80 for alternative healing prescribed by a physician, $424 for copayments for doctor's visits, and $298.34 for travel expenses associated with doctor's visits.

During 2004 petitioner paid $1,328.89 in cash charitable contributions. Attached to her 2004 return was a Form 8283, Noncash Charitable Contributions, in which petitioner described property that she allegedly donated as "various household items and clothing". Petitioner produced self-prepared lists of hundreds of items allegedly donated to charity. The lists contain the alleged cost of each property when new and a self-estimated value at the time of donation.

During 2004 petitioner was employed as director of professional development by the Solano County Office of Education (SCOE) in Fairfield, California. Attached to her 2004 return was

a Form 2106, Employee Business Expenses.  On the Form 2106

petitioner claimed the following business expenses:

| Expense | | Amount |
|---|---|---|
| Vehicle expense | | $8,969 |
| Parking fees, tolls, and transportation | | 433 |
| Travel expense while away from home overnight | | 5,883 |
| Other business expenses | | 26,763 |
| Subtotal | | 42,048 |
| Meals and entertainment | 8,232 | |
| Less:  Employer reimbursements | (3,132) | |
| Subtotal | 5,100 | |
| Less:  50 percent of meals and entertainment | | 2,550 |
| Total employee business expenses | | 44,598 |

SCOE had an employee reimbursement policy.  SCOE reimbursed

petitioner $3,132 for food, travel, and meeting supplies.

Petitioner did not request reimbursement for any other expenses

she incurred above the $3,132 that SCOE reimbursed.  The portion

of SCOE's reimbursement policy petitioner provided specifically

covers travel and conferences.  According to the reimbursement

policy, employees who are required to use their cars for travel

approved by their supervisors "shall be reimbursed".  With

respect to attendance at meetings, conferences, and conventions,

these expenses require prior authorization by the County

Superintendent of Schools and may be reimbursed.  The

reimbursement policy sets forth requirements for obtaining

approval of travel and for claim reimbursement.  Petitioner has

not shown that SCOE would not have reimbursed her if she had requested reimbursement for her expenses.

Although respondent does not agree that the following amounts deducted as employee business expenses were ordinary or necessary to petitioner's trade or business, the parties agree that petitioner paid the following amounts during 2004: (1) $6,899.09 for car payments and $2,125.35 for car insurance; (2) $286.14 for parking fees and transportation; (3) $3,557.11 for what petitioner claimed as traveling expenses; (4) miscellaneous expenses: $2,854 claimed for "continuing education", $377.35 claimed as telephone expenses, $719.86 claimed for postage, $3,285.69 claimed for professional books and magazines, $156.57 for a claimed "program for teachers" expense, $4,975.20 for office supplies, $1,253.79 for what was claimed as "other business related expenses", $24 to the "DMV", $764 claimed for professional dues, and $8,600 for gifts; and (5) $2,800.54 for what petitioner claimed were meals and entertainment expenses and $5,787.85 for food for SCOE events.

## Discussion

### A. Burden of Proof

A taxpayer generally bears the burden of proving error in the Commissioner's determinations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner in certain circumstances if the

taxpayer introduces credible evidence, maintained required records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). Petitioner has neither asserted nor met the requirements for shifting the burden of proof to respondent.

B. Itemized Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving she is entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate amounts claimed as deductions by producing evidence and records necessary to establish that she is entitled to the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

1. Medical Expense Deduction

Section 213(a) allows a deduction for expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, a spouse, or a dependent to the extent that such expenses exceed 7.5 percent of the taxpayer's adjusted gross income. The term "medical care" includes amounts paid for "the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, * * * for transportation primarily for and essential to medical care", or for insurance.

Sec. 213(d)(1)(A), (B), (D).  However, amounts paid during the taxable year for medicine or a drug are taken into account only if the medicine or drug is a prescribed drug or insulin.  Sec. 213(b).  The term "prescribed drug" means a drug or biological which requires a physician's prescription for its use by an individual.  Sec. 213(d)(3).

Petitioner alleges that a portion of her medical expense deduction is related to "alternative healing and medications".  The only documentary evidence petitioner provided is a doctor's "note" dated June 10, 2008, 4 years after the year at issue, recommending that petitioner take vitamins, minerals, and herbs to supplement her regular diet, and a computer printout of her alleged medical expenditures.  Petitioner has not provided receipts, copies of canceled checks, or bank statements to substantiate her alleged medical expenses.  Moreover, petitioner has not established what the so-called alternative healing and medication is.  Other than her self-serving and unverified testimony, which we are not required to and do not accept, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), petitioner has failed to establish that she paid for medical care or that her dietary supplements require a physician's prescription.  See sec. 213(a), (b), (d).  Accordingly, we hold that petitioner is entitled to a medical expense deduction only for the $3,235.37 she paid for prescription drugs, $424 paid for doctor's visits,

and $298.34 paid for travel to doctors that the parties stipulated. The total of these amounts is subject to the 7.5-percent adjusted gross income threshold.

2. <u>Charitable Contributions Deduction</u>

In general, section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year. Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1); <u>Hewitt v. Commissioner</u>, 109 T.C. 258, 261 (1997), affd. without published opinion 166 F.3d 332 (4th Cir. 1998).

a. <u>Cash Charitable Contributions</u>

A cash contribution to charity made on or before August 17, 2006, in an amount less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution.[2] <u>Alami El Moujahid v. Commissioner</u>, T.C. Memo. 2009-42; sec. 1.170A-13(a)(1), Income Tax Regs.

The parties agree that petitioner paid $1,328.89 in charitable cash contributions during 2004. Petitioner has failed to establish that she made any other cash contributions to

---

[2]There are now stricter requirements for cash contributions to charity. Sec. 170(f)(17).

charity during 2004. Accordingly, we hold that petitioner may deduct only $1,328.89 as a cash charitable contribution.

    b.   <u>Noncash Charitable Contributions</u>

For charitable contributions made in property other than cash, the value of the contribution is the fair market value at the time of contribution. <u>Hewitt v. Commissioner</u>, <u>supra</u> at 261; sec. 1.170A-1(c)(1), Income Tax Regs. The fair market value of contributed property is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. Sec. 1.170A-1(c)(2), Income Tax Regs.

Generally, for noncash charitable contributions of property, a taxpayer must maintain for each contribution a receipt from the donee showing the name of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances. Sec. 1.170A-13(b)(1), Income Tax Regs.

Petitioner claimed noncash charitable contributions of $8,500 and on her return described the items as "various household items and clothing".

Petitioner produced lists of noncash contributions that contain hundreds of items, such as more than a dozen necklaces and bracelets, 22 bras and other intimate apparel and

undergarments, decorative soaps and candles (including "1 great smelling rose candle"), several porcelain dolls, dozens of pairs of shoes, pins, earrings, watches, hair clips, wallpaper, etc. However, the alleged records petitioner provided to substantiate her charitable contributions are inconsistent and unreliable. Petitioner's records indicate that she made contributions to three charitable organizations during 2004:  United Cerebral Palsy, Community Projects, Inc., and Goodwill.  The receipts petitioner provided show different dates:  March 4, 2004, to United Cerebral Palsy; October 14, 2004, to Community Projects, Inc.; and "July 2004" to Goodwill.  However, on the Form 8283 petitioner claimed that she contributed "various household items and clothing" to Goodwill with an alleged fair market value of $8,500 on October 31, 2004.  Furthermore, petitioner's self-prepared tax summary report indicates that on December 31, 2004, "1 trailer full of goods" was donated to Goodwill.  Although petitioner provided two statements from Terry Lee Green of Rent-A-Husband, one dated February 2004 and the other October 2004, stating that he took several large bags of clothing and household goods to Goodwill, the only receipt from Goodwill is dated July 2004.

We find petitioner's lists and receipts to be inconsistent and unreliable.  Accordingly, we sustain respondent's

determination denying petitioner a deduction for noncash charitable contributions.

3.  Miscellaneous Itemized Deductions

   a. Unreimbursed Employee Expenses

On Schedule A attached to her 2004 return, petitioner claimed $44,598 for unreimbursed employee expenses.  Respondent agrees that petitioner made certain expenditures but argues that she has failed to establish that they were ordinary and necessary employee business expenses.

Section 162(a) generally allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A taxpayer may be in the trade or business of being an employee and, as such, may deduct business expenses.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Lucas v. Commissioner, 79 T.C. 1, 6 (1982).  The taxpayer bears the burden of proving that claimed expenses were ordinary and necessary as required by section 162.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113.  Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-

1(a), Income Tax Regs. Section 262(a) prohibits deductions for personal, living, or family expenses.

A trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from her employer for an expenditure related to her status as an employee. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Lucas v. Commissioner, supra at 7. This rule forecloses an avenue for tax manipulation by preventing the taxpayer from converting a business expense of her company into one of her own by simply failing to seek reimbursement. Orvis v. Commissioner, supra at 1408. Petitioner bears the burden of establishing that SCOE would not have reimbursed her for such expenses. See Podems v. Commissioner, 24 T.C. 21, 23 (1955); Benson v. Commissioner, T.C. Memo. 2007-113; Putnam v. Commissioner, T.C. Memo. 1998-285.

Of the $84,514 of itemized deductions petitioner claimed on her 2004 Federal tax return, $44,598 was claimed for unreimbursed employee expenses. During 2004 petitioner received $72,510 in wages from SCOE and SCOE reimbursed petitioner $3,132 for food, travel, and meeting supplies.

Section 274(d) provides heightened substantiation requirements for, inter alia, vehicle, transportation, travel, meals, lodging, gifts, and cellular telephone expenses. Section 274(d) requires the taxpayer to establish by adequate records or

by sufficient evidence corroborating the taxpayer's own statement:  (A) The amount of such expense or other item; (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift; (C) the business purpose of the expense or other item; and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift.

### i.  Vehicle

Petitioner claimed vehicle expenses of $8,969.  SCOE's reimbursement policy provides, in pertinent part, that "An employee required to use his/her own car for travel approved by his/her supervisor shall be reimbursed for mileage at the rate currently in force on a monthly basis."  The reimbursement policy also states that "Employees are reimbursed for actual mileage driven beyond their travel to and from the work site."  Although petitioner did not testify whether she sought approval from her supervisor for the vehicle expenses claimed, she did testify that she did not seek reimbursement.  Petitioner has failed to show that she would not have been reimbursed for the claimed vehicle expenses had she sought reimbursement from SCOE.  Furthermore, most of the entries on her 2004 travel log are insufficient to establish the "place of the travel" or the "business purpose" of the expenses.  See sec. 274(d).  Consequently, petitioner has

failed to carry her burden of proof, and we therefore sustain respondent's determination disallowing any deduction for vehicle expenses.

### ii. Parking and Transportation

Petitioner claimed that she paid $433 for parking fees and transportation during 2004. The parties agree that petitioner paid $286.14 for parking fees and transportation during 2004. SCOE's reimbursement policy expressly provides for the reimbursement of parking fees, taxi fares, and tolls without receipts. However, petitioner did not seek reimbursement. Furthermore, petitioner has not offered any credible documentary or testimonial evidence establishing that the parking fees and transportation costs claimed on her 2004 Federal tax return were ordinary and necessary to her business as an employee of SCOE, nor has she established any related business purpose. Accordingly, petitioner is not entitled to deduct any amount for parking fees, tolls, and transportation costs.

### iii. Travel

Petitioner claimed that she paid $5,883 for travel during 2004. Travel expenses are also covered by SCOE's reimbursement policy. Petitioner's tax summary report for 2004 appears to indicate that many of the travel expenses relate to various conferences she attended. Again, SCOE's reimbursement policy expressly covers attendance at conferences, and petitioner did

not seek reimbursement from SCOE for these expenses. Petitioner has failed to establish that she would not have been reimbursed for her travel expenses and also has failed to establish any ordinary and necessary business purpose for the expenses claimed. Accordingly, petitioner is not entitled to deduct any amount for travel expense.

### iv. Meals

Petitioner claimed an $8,232 deduction for meals. Meals are also covered by SCOE's reimbursement policy. The reimbursement policy provides that petitioner could have either accepted a standard reimbursement rate for meals without having to provide receipts, or provided receipts and received reimbursement for the actual and necessary costs of meals. Petitioner has failed to establish both that she paid the amount claimed as a meals expense and that there was a related business purpose. Accordingly, petitioner is not entitled to a deduction for meal expenses.

### v. Continuing Education

Petitioner claimed a $3,920 deduction for "continuing education" expenses. Petitioner testified that she was required to complete 150 hours of professional development to retain a teaching credential and an administrative service credential. Petitioner has not established that a teaching credential or an administrative service credential was necessary to maintain her

position as director of professional development for SCOE. Petitioner has also failed to establish that she paid the amount claimed and that the expense was ordinary and necessary. Accordingly, petitioner is not entitled to a deduction for "continuing education" expenses.

### vi. <u>Telephone</u>

Petitioner claimed a $381 deduction for telephone expenses. This expense allegedly relates to petitioner's Pacific Bell telephone bills and a few cellular phone and hotel phone calls. Petitioner has established neither a business purpose nor that she actually paid these expenditures. Personal telephone bills are typically not deductible as they are a personal expense. See sec. 262. Accordingly, petitioner is not entitled to a deduction for telephone expenses.

### vii. <u>Postage</u>

Petitioner claimed a $1,761 deduction for postage expenses. Petitioner's tax summary report appears to indicate that her postage expenses were personal. For example, petitioner claimed postage expenses for Victoria's Secret, Coldwater Creek, Horchow, and Frederick's mail order. Petitioner has not established by either documentary or testimonial evidence how these expenses relate to her trade or business as an employee of SCOE. Accordingly, petitioner is not entitled to deduct postage expenses.

### viii. <u>Books and Magazines</u>

Petitioner claimed a $3,680 deduction for expenses for professional books and magazines. The parties have agreed that petitioner paid $3,285.69 for these expenses. Petitioner failed to establish by documentary or testimonial evidence either what books or magazines were purchased or how they related to her business as an employee of SCOE. Accordingly, petitioner is not entitled to deduct any amount for book and magazine expenses.

### ix. <u>Teaching and Office Supplies</u>

Petitioner claimed a $7,583 deduction for teaching and office supplies. The parties have agreed that petitioner paid $156.57 for a "program for teachers" and $4,975.20 for the alleged office supplies. The purported supplies expenses included, among other things, items such as stationery, cards for employees, a phone battery, CDs, fancy paper, a videotape from Gentle Yoga, lamps, a daily planner, and over $1,900 in "loose receipts". Petitioner has not established any business purpose for these expenses, nor whether SCOE required her to attend a "program for teachers", whether SCOE provided office supplies, or whether SCOE would reimburse her for the "program for teachers" or for the purchase of office supplies. Accordingly, petitioner is not entitled to a deduction for teaching and office supply expenses.

### x.  Professional Dues

Petitioner claimed an $814 deduction for professional dues. The parties have agreed that petitioner paid $764 for the alleged expense.  Petitioner's tax summary report indicates that this expense relates to alleged payments to the University of La Verne and to "ACSA".  Petitioner has not established how these expenses relate to her business as an employee of SCOE or why she might be required to pay them.  Accordingly, petitioner is not entitled to a deduction for professional dues expenses.

### xi.  Gifts

"The cost of gifts may be an ordinary and necessary business expense if the gifts are connected with the taxpayer's opportunity to generate business income."  Bruns v. Commissioner, T.C. Memo. 2009-168 (citing Brown v. Commissioner, T.C. Memo. 1984-120).  Where a business purpose is established for the gift, pursuant to section 162 the business gift deduction is restricted to $25 per donee per taxable year.  Sec. 274(b)(1).

Petitioner claimed an $8,600 deduction for "staff appreciation"; i.e., gifts to employees of SCOE.  Petitioner testified that she gives a Christmas gift to everyone that works in her building and that she takes a deduction for it. Petitioner also testified that she claimed a deduction for a wedding gift certificate.  Other so-called staff appreciation gifts included purchases from, among others, Victoria's Secret,

Frederick's mail order, Bath & Body Works, Sally Beauty,
Nordstrom Direct, and Talbots.

Petitioner has not satisfied the heightened substantiation
requirements of section 274(d).  Petitioner's tax summary report
lists numerous items as employee gifts but does not establish the
business purpose of the gifts.  Many of the purported gifts
appear to total more than $25, and it is unclear to whom each
gift was given and whether there was a business purpose for it.
In fact, the gifts appear to be personal.  Furthermore,
petitioner has not established how or to what extent the gift
items contributed to her income.  See Bruns v. Commissioner,
supra.  Accordingly, petitioner is not entitled to a deduction
for business gifts.

### b.  Tax Preparation Fees

Section 212(3) provides that there shall be allowed as a
deduction all the ordinary and necessary expenses paid or
incurred during the taxable year in connection with the
determination, collection, or refund of any tax.

On Schedule A attached to her 2004 return, petitioner
claimed $808 for tax preparation fees.  However, petitioner
neither testified nor offered any documentary evidence to
establish that she paid this, or any other, amount in connection
with the determination, collection, or refund of any tax.

Accordingly, we sustain respondent's determination disallowing a deduction for tax preparation fees.

### c. Asset Preservation Expenses

Section 212(2) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income. Whether legal fees are deductible under section 212 or nondeductible under section 262(a) depends upon the origin of the claim with respect to which the fees were incurred and not upon its potential effects on the fortunes of the taxpayer. See United States v. Gilmore, 372 U.S. 39, 49 (1963); Hill v. Commissioner, T.C. Memo. 2010-268.

On Schedule A attached to her 2004 return, petitioner claimed that she paid $2,681 for legal expenses for "asset preservation". The claimed deduction is an aggregate of prepaid legal expenses of $312 and the cost of a lawsuit filed against a moving company for damage to a rental property and to some personal property.

The record is unclear as to what the term "rental property" means or whether it was income-producing property that petitioner owned or property she rented as her personal residence. Nevertheless, petitioner has failed to established that any portion of the legal expenses paid or incurred in 2004 was ordinary or necessary for the management, conservation, or

maintenance of property held for the production of income. Accordingly, we sustain respondent's determination disallowing petitioner any deduction for legal fees for "asset preservation".

C. Accuracy-Related Penalty Under Section 6662

Section 6662(a) and (b)(1) and (2) provides that a taxpayer is liable for a 20-percent accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return attributable to, inter alia, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. The Commissioner generally bears the burden of production for any penalty, but the taxpayer bears the ultimate burden of proof. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this title," and disregard includes "any careless, reckless, or intentional disregard." Sec. 6662(c). The regulations promulgated under section 6662 provide that negligence "includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs.

An understatement of income tax is defined as the excess of the amount of the tax required to be shown on the return for the taxable year over the amount of the tax shown on the return. See sec. 6662(d)(2)(A). For purposes of section 6662, there is a

substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. See sec. 6662(d)(1)(A).

On her 2004 return petitioner reported total tax of $58. Respondent has shown that the amount of the understatement exceeds 10 percent of the tax required to be shown on the return or $5,000. With respect to negligence petitioner did not maintain required records or substantiate deductions as required by the Code. Accordingly, absent an exception, such as that found in section 6664, petitioner would be liable for an accuracy-related penalty.

Section 6664 provides that the accuracy-related penalty is not imposed with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances and includes the knowledge and experience of the taxpayer and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. For a taxpayer to rely reasonably upon the advice of a tax adviser, the taxpayer must, at a minimum, prove by a preponderance of the evidence that: (1) The adviser was a competent professional with sufficient expertise to justify reliance, (2) the taxpayer

provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.  <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Petitioner asserts that she relied on the advice of an accountant in determining to deduct the items and amounts reported on her 2004 return.  Petitioner, however, has failed to establish that her adviser was a competent professional, that she provided necessary and accurate information to her adviser, or that she actually relied in good faith on the adviser's judgment. Accordingly, we sustain respondent's determination to impose an accuracy-related penalty under section 6662.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.