T.C. Summary Opinion 2012-61

UNITED STATES TAX COURT

RANDY C. STIDHAM AND BOBBI J. STIDHAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6615-09S.                          Filed June 26, 2012.

Randy C. Stidham and Bobbi J. Stidham, pro sese.

<u>Martha J. Weber</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code as amended and in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,206 deficiency in petitioners' 2005 Federal income tax and a $359.25 addition to tax under section 6651(a)(1).  After concessions,[2] the issues remaining for decision are:  (1) whether petitioners are entitled to deduct $31,503 in unreimbursed employee business expenses; (2) whether petitioners are entitled to deduct $55 for tax preparation fees; and (3) whether petitioners are liable for an addition to tax for failure to timely file their 2005 Federal income tax return.

<u>Background</u>

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Tennessee. During the taxable year 2005 Mr. Stidham was employed by ASCAP (American Society of Composers, Authors, and Publishers) as a representative.  Mr. Stidham's job involved traveling to and from bars, taverns, restaurants, nightclubs, roller

---

[2]In the notice of deficiency respondent disallowed a $1,400 mortgage interest deduction petitioners claimed on their 2005 Schedule A, Itemized Deductions. Respondent concedes that petitioners are entitled to the $1,400 mortgage interest deduction.

skating rinks, shopping malls, or any other place of business that plays music through a sound system, in order to verify that the businesses paid fees to copyright holders as required by copyright law. Mr. Stidham's work required that he travel throughout his territory, which included the entire States of Kentucky and Tennessee.

On November 2, 2007, petitioners filed a delinquent joint Federal income tax return for the 2005 taxable year, claiming the following unreimbursed business expenses relating to Mr. Stidham's employment: (1) $19,887 for vehicle expenses using the standard mileage rate; (2) $6,500 for overnight travel, including lodging; (3) $3,274 for other unspecified business expenses; (4) $1,750 for meals and entertainment expenses; and (5) $92 for parking fees, tolls, etc. Petitioners also claimed $55 on Schedule A for tax preparation fees.

Mr. Stidham received a $9,775 automobile allowance from ASCAP for the taxable year 2005 on account of the considerable number of miles that he was required to travel. This amount was included on Mr. Stidham's 2005 Form W-2, Wage and Tax Statement, and was reported as income on petitioners' 2005 Federal income tax return.

In addition, Mr. Stidham's employment with ASCAP during 2005 was subject to ASCAP's "Business Travel & Entertainment Policies and Procedures"

(policy), which provided that its employees were eligible to be reimbursed for a multitude of business expenses, including all of the types of nonvehicle expenses claimed as unreimbursed employee business expense deductions on petitioners' 2005 income tax return. The unreimbursed nonvehicle business expenses here at issue were not submitted to ASCAP by Mr. Stidham for reimbursement under the policy.

On December 15, 2008, respondent issued to petitioners a notice of deficiency with respect to the 2005 tax year, disallowing the entire $31,503 of unreimbursed employee business expenses, as well as the $55 of claimed tax preparation fees.

Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). As petitioners did not argue or prove that the requirements of section 7491(a) have been met, the burden of proof does not shift to respondent.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See also Ronnen v. Commissioner, 90 T.C. 74, 102 (1988); sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business. Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. However, section 262(a) disallows deductions for personal, living, or family expenses.

Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377-78 (1970). For such expenses to be deductible, the taxpayer must not have the right to obtain

reimbursement from his employer.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, section 274 overrides the Cohan rule with regard to certain expenses.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Section 274 requires stricter substantiation for travel, meals, and certain listed property.  In the case of automobile expenses, section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense.  See Oswandel v.

Commissioner, T.C. Memo. 2007-183. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra. However, in the alternative, each element of an expenditure or use may be established by the taxpayer's own written or oral statement "containing specific information in detail as to such element" combined with corroborative evidence sufficient to establish such element. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Unreimbursed Employee Business Expenses

1. Vehicle Expenses

On their 2005 return petitioners deducted $19,887 for vehicle expenses using the standard mileage rate.

At trial Mr. Stidham testified that his job required extensive travel over a large territory. This testimony is supported by ASCAP's description of Mr. Stidham's position, as well ASCAP's decision to provide him with a substantial automobile allowance.[3] In addition, petitioners presented the Court with numerous documents to indicate the extent of Mr. Stidham's travel. Petitioners provided the

_____

[3]Mr Stidham also testified that the $9,775 automobile allowance he received from ASCAP was included in his income for 2005, and neither respondent, nor anything in the record, contradicts this testimony.

Court with receipts for expenditures on hotels, restaurants, gas stations, credit cards, etc., which illustrate that Mr. Stidham traveled continuously throughout the States of Kentucky and Tennessee during 2005. Petitioners also submitted a detailed reconstruction of Mr. Stidham's travel for the first two weeks of January 2005, indicating that he traveled approximately 2,000 miles during only a two-week period. All of this documentation and testimony supports petitioners' contention that Mr. Stidham necessarily traveled extensive miles to perform his professional duties.

Therefore, we find that petitioners' documentation and testimony, along with ASCAP's decision to provide Mr. Stidham an automobile allowance, constitute a written or oral statement "containing specific information in detail as to such element" and other corroborative evidence sufficient to establish each element of an expenditure or use with respect to a portion of petitioners' claimed mileage deduction. See sec. 1.274-5T(c)(3), Temporary Income Tax Regs., supra. As a result, petitioners are entitled to deduct their claimed mileage expense, but only to the extent of the $9,775 allowance Mr. Stidham received from ASCAP, which represents approximately 25,000 miles at the standard mileage rate in effect for most of 2005.

2.  Other Expenses

A taxpayer is entitled to deduct unreimbursed employee business expenses under section 162(a) only to the extent that the taxpayer demonstrates that the taxpayer could not have been reimbursed for the expenses by the taxpayer's employer.  Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Benson v. Commissioner, T.C. Memo. 2007-113; Putnam v. Commissioner, T.C. Memo. 1998-285.

Petitioners claimed deductions of $6,500 for overnight travel, including lodging, $3,274 for other unspecified business expenses, $1,750 for meals and entertainment expenses, and $92 for parking fees, tolls, etc.  The record indicates that Mr. Stidham had the opportunity to be reimbursed for the non-vehicle-related employee business expenses claimed on petitioners' 2005 income tax return but failed to obtain reimbursement from ASCAP.[4]  When an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim reimbursement, the expenses are not deductible because they are not "necessary"; i.e., it is not necessary for an employee to remain unreimbursed for

---

[4]At trial Mr. Stidham indicated that he claimed deductions for these expenses, rather than pursuing reimbursement, because he failed to timely file the necessary reimbursement paperwork with ASCAP.

expenses to the extent he could have been reimbursed. <u>Orvis v. Commissioner</u>, 788 F.2d at 1408; <u>Lucas v. Commissioner</u>, 79 T.C. 1, 7 (1982).

As a result of the foregoing, we sustain respondent's disallowance of petitioners' claimed deductions of non-vehicle-related unreimbursed employee business expenses.

On their 2005 Schedule A petitioners claimed an itemized deduction of $55 for tax preparation fees. Petitioners have not provided any information to substantiate this deduction. Therefore, we sustain respondent's disallowance.

<u>Addition to Tax Under Section 6651(a)(1)</u>

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month or fraction thereof for which there is a failure to file, not to exceed 25%. A taxpayer may avoid this addition to tax if it can be shown (1) that the failure did not result from willful neglect and (2) that the failure was due to reasonable cause. <u>Crocker v. Commissioner</u>, 92 T.C. 899, 912 (1989). "Reasonable cause" requires that taxpayers demonstrate that they exercised ordinary business care and prudence. <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." <u>Id.</u> at 245.

Respondent has met the burden of producing evidence that petitioners did not timely file their return. Petitioners stipulated that they failed to file their return timely and have not provided any explanation for the untimeliness of their filing. Therefore, we uphold respondent's determination that petitioners are liable for an addition to tax for failing to timely file their 2005 return. In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.