T.C. Memo. 2017-78

UNITED STATES TAX COURT

KENNETH D. HUMPHREY, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13651-14.                          Filed May 11, 2017.

Kenneth D. Humphrey, pro se.

<u>Derek P. Richman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent issued a notice of deficiency determining a

$6,223 deficiency in petitioner's 2010 Federal income tax and an accuracy-related

penalty under section 6662(a) of $1,244.60.[1]  The issues for decision are whether

--------

[1]  Unless otherwise indicated, all section references are to the Internal

<span style="float:right">(continued...)</span>

**[*2]** petitioner is: (1) entitled to a deduction for unreimbursed employee business expenses; (2) entitled to a deduction for legal fees; and (3) liable for a section 6662(a) accuracy-related penalty.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Florida when he filed the petition.

I.      Petitioner's Background and Employment

In 2010 petitioner worked as a Customs and Border Protection (CBP) officer for the U.S. Department of Homeland Security (DHS). As a CBP officer, petitioner's primary responsibility was to inspect the documentation and personal effects of arriving airline passengers. Petitioner resigned from DHS on May 31, 2010, and was unemployed for the remainder of 2010.

Under DHS' reimbursement policy in effect during 2010, employees who paid work-related expenses for travel and the like were entitled to reimbursement. However, DHS required employees to request authorization before incurring such expenses. If DHS approved the request, it gave employees a budget and required

---

[1](...continued)
Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] them to return with receipts. Petitioner did not seek reimbursement from DHS for any of his purported employee business expenses.

## II. Petitioner's Tax Return

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2010 tax year. On his Schedule A, Itemized Deductions, petitioner claimed deductions of $17,654 for unreimbursed employee business expenses, $125 for tax return preparation fees, and $11,875 for "Other expenses". On a miscellaneous itemized deductions statement attached to his return, petitioner allocated the entire portion of "Other expenses" to "Certain attorney and accounting fees".

## III. Notice of Deficiency

On March 6, 2014, respondent issued a notice of deficiency to petitioner for the 2010 tax year. Respondent disallowed petitioner's Schedule A deductions for unreimbursed employee business expenses, tax return preparation fees, and "Other expenses". Respondent also determined an accuracy-related penalty pursuant to section 6662(a).

Petitioner timely petitioned this Court, and a trial was held in Miami, Florida, on December 15, 2015.

**[*4]**                          OPINION

I.      Evidentiary Matter

Attached to petitioner's opening and reply briefs are several exhibits which were not included in the stipulation of facts or offered into evidence at trial. Respondent objects to petitioner's use of exhibits in petitioner's opening brief.[2]

Statements in briefs do not constitute evidence.  Rule 143(c); Evans v. Commissioner, 48 T.C. 704, 709 (1967), aff'd per curiam 413 F.2d 1047 (9th Cir. 1969); Chapman v. Commissioner, T.C. Memo. 1997-147; Berglund v. Commissioner, T.C. Memo. 1995-536.  The record in this case was closed at the conclusion of trial on December 15, 2015.  Accordingly, the additional exhibits attached to petitioner's briefs are not part of the record and will not be considered by the Court.

II.     Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of

---

[2] We note that respondent did not file a motion to strike under Rule 143.

**[\*5]** proving that the determination is incorrect.[3]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  A taxpayer must substantiate expenses underlying claimed deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. at 89-90.

---

[3]  Petitioner does not contend that the burden of proof should be shifted to respondent pursuant to sec. 7491(a), and there is no justification on this record for doing so.  <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 442-443 (2001).

**[*6]** III.     Schedule A Deductions

A.     Unreimbursed Employee Business Expenses

Petitioner claimed a deduction of $17,654 for unreimbursed employee business expenses consisting of vehicle and travel expenses; parking fees, tolls, and transportation expenses; meals and entertainment expenses; and various other expenses. Petitioner argues that these expenses are deductible because his position at DHS necessitated them. Respondent contends that petitioner is not entitled to the deduction because petitioner did not seek reimbursement for any of his purported expenses or show that they were not reimbursable. For the below reasons, we sustain respondent's determination.

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business; but personal, living, or family expenses are not deductible. Secs. 162(a), 262(a). A trade or business expense is ordinary if it is normal or customary within a particular trade, business, or industry, and it is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, 290 U.S. at 113-114. Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. at 475.

**[\*7]** A "trade or business" includes the "trade or business" of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Expenses are not "necessary" under section 162 when an employee fails to claim reimbursement for expenses paid in the course of his employment when entitled to do so. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. Accordingly, a taxpayer cannot deduct employee business expenses to the extent he is entitled to reimbursement from his employer for an expenditure related to his status as an employee. See Lucas v. Commissioner, 79 T.C. 1, 7 (1982). The taxpayer bears the burden of establishing that his employer would not have reimbursed him for such expenses. See Podems v. Commissioner, 24 T.C. 21, 23 (1955); Benson v. Commissioner, T.C. Memo. 2007-113; Putnam v. Commissioner, T.C. Memo. 1998-285. He can do so by showing that he was required or expected to bear these costs. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); see also Dunkelberger v. Commissioner, T.C. Memo. 1992-723 (finding that management team expected taxpayer to bear expense of business lunches with vendors). Where the taxpayer's employer has a reimbursement policy that covers the expenses, the taxpayer must show that he sought reimbursement from his employer for the expenses. Orvis v. Commissioner, 788 F.2d at 1408.

**[*8]** Petitioner failed to establish that his purported employee expenses were not reimbursable. The DHS policy for 2010 required employees to obtain prior authorization to incur reimbursable expenses. If authorization was granted, employees were required to submit receipts to the appropriate processing office to receive reimbursement. At trial Humberto Adan, petitioner's direct supervisor in 2010, credibly testified that DHS had no records of any reimbursement claims or work-related travel for petitioner. Petitioner neither testified nor offered other evidence showing otherwise. Further, petitioner failed to offer any credible evidence that DHS expected him to bear the cost of his purported expenses.[4] We therefore sustain respondent's disallowance of petitioner's Schedule A deduction for employee business expenses.

B. Attorney's Fees and Professional Services Fees

Petitioner claimed a deduction of $11,875 for legal expenses on his Schedule A. Petitioner argues that he can deduct these expenses because they were paid for the purposes of resolving an Equal Employment Opportunity Commission (EEOC) lawsuit against DHS. Respondent contends that petitioner is not entitled to the deduction because he did not substantiate his purported legal

---

[4] We decline to credit petitioner's uncorroborated testimony that his "hazmat coordinator" position necessitated his purported expenses.

**[\*9]** expenses or show that they were related to business activity.  For the below reasons, we agree with respondent.

The deduction for legal fees turns on the origin of the claim giving rise to those fees.  In general, legal fees are deductible under section 162 only if the fees paid originated in the taxpayer's trade or business and only if the claim is sufficiently connected with that trade or business.  See United States v. Gilmore, 372 U.S. 39, 47-48 (1963); Kenton v. Commissioner, T.C. Memo. 2006-13.  The origin of the claim is found by analyzing the facts, United States v. Gilmore, 372 U.S. at 47-48, and the basis of the transaction out of which the litigation arose, Boagni v. Commissioner, 59 T.C. 708, 713 (1973).

Petitioner failed to prove that his claimed attorney's fees were sufficiently related to his employment with DHS, his only trade or business in 2010.  To support his deduction, petitioner provided carbon copies of checks to the firm of Stiberman Law, P.A. (Stiberman), totaling $3,920 and bank statements.  However, none of these documents establish that Stiberman represented petitioner in his EEOC claim or any other action pertaining to DHS.  Conversely, respondent offered credible evidence showing that petitioner actually retained Stiberman to represent him in a personal bankruptcy proceeding completely unrelated to his employment with DHS.

[*10]  We therefore find that petitioner's purported payments to Stiberman constitute a nondeductible personal expense, and we sustain respondent's disallowance of petitioner's deduction for attorney's fees and accounting fees.[5]

IV.    Accuracy-Related Penalty

Respondent argues that petitioner is liable for an accuracy-related penalty under section 6662(a) and (b)(1) and (2) for either negligence or disregard of rules or regulations or for a substantial understatement of income tax.  Petitioner argues that he is not liable because he adequately disclosed his tax positions on his return and acted with reasonable cause.[6]

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20% on the portion of an underpayment of tax attributable to:  (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax.  However, a taxpayer is not liable for the accuracy-related penalty under either provision if (1) the taxpayer adequately disclosed the relevant facts

---

[5]  Petitioner also claimed a $125 deduction for tax return preparation fees, which was disallowed by respondent.  Petitioner failed to offer any evidence or make any arguments on brief or at trial with respect to the deductibility of his purported tax return preparation fees.  Accordingly, we deem the issue conceded by petitioner.

[6]  While petitioner did not address his liability for the accuracy-related penalty in his petition, we find that this issue was tried by consent.  See Rule 41(b).

[*11] affecting the item in a statement attached to the return and had a reasonable basis for that treatment[7] or (2) there was reasonable cause for the underpayment and the taxpayer acted in good faith.  Secs. 6662(d)(2)(B)(ii), 6664(c)(1); secs. 1.6662-3(c), 1.6664-4(a), Income Tax Regs.  Whether the taxpayer acted with reasonable cause depends upon all the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985).

---

[7] The adequate disclosure exception does not apply "where the taxpayer fails to keep adequate books and records or to substantiate items properly."  Sec. 1.6662-3(c)(1), Income Tax Regs.

**[\*12]** The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c). To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447. The taxpayer may meet his burden by proving that he acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence. Respondent established that petitioner: (1) claimed several deductions to which he was not entitled and (2) was unable to substantiate a large portion of his purported legal expenses. Petitioner, who bears the burden of persuasion, has not come forward with sufficient evidence that respondent's determination is incorrect. We are not persuaded that petitioner adequately disclosed the relevant facts affecting the tax treatment of his purported expenses. Petitioner offered no evidence showing that he had a reasonable basis for his return positions or that he

**[*13]** made a good-faith effort to comply with the Code.  Accordingly, we hold that petitioner is liable for a section 6662(a) accuracy-related penalty.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.