T.C. Summary Opinion 2012-20

UNITED STATES TAX COURT

PAUL MICHAEL GRITZ AND JANICE LEE GRITZ, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26577-09S.                       Filed March 5, 2012.

Paul Michael Gritz, pro se.

<u>Beth A. Nunnink</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b),[1] the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,746 deficiency in petitioners' 2006 Federal income tax. The issue for decision is whether petitioners are entitled to deductions claimed on Schedule A, Itemized Deductions, greater than those respondent allowed.

<u>Background</u>

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in California.

Petitioners timely filed their 2006 Federal income tax return. On Schedule A petitioners claimed total itemized deductions of $83,211. Of that amount, petitioners claimed $34,889 in job expense deductions and certain miscellaneous deductions. Specifically, petitioners claimed deductions of $43 for tax preparation fees (which respondent allowed), $9,500 for attorney's and accountant's fees, and $28,795 for unreimbursed employee expenses. The parties stipulate that petitioners are not entitled to deduct the $9,500 in attorney's and accountant's fees,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

which were claimed in error. At trial petitioners acknowledged that $8,750 of their claimed unreimbursed employee expense deductions were in error.[2] However, petitioners contend that they are still entitled to deduct $7,045 and $13,000 in expenses claimed on petitioner husband's and petitioner wife's Forms 2106, Employee Business Expenses, respectively. Mr. Gritz claimed a deduction of $4,895 for vehicle expenses using the standard mileage rate and $2,150 in miscellaneous business expenses on Form 2106. On her Form 2106, Mrs. Gritz claimed a deduction of $13,000 in unreimbursed business expenses.

During 2006 Mr. Gritz was a pilot and Mrs. Gritz was an elementary school teacher. Mr. Gritz was employed by Sunset Aviation (Sunset), which maintained airfields throughout the "Bay Area" of California. In 2006 petitioners lived in Sacramento, California, which Sunset considered to be part of the Bay Area. Mr. Gritz could be assigned to fly out of any of Sunset's airfields. Sunset reimbursed Mr. Gritz for mileage expenses he incurred for travel between Sunset's airfields. Therefore, petitioners' reported vehicle mileage expenses relate only to the mileage expenses Mr. Gritz incurred while traveling between his home and Sunset's Bay Area airfields.

---

[2]Petitioners reported $28,795 in unreimbursed employee expenses on Schedule A. However, on Forms 2106-EZ, Unreimbursed Employee Business Expenses, petitioners reported total expenses of only $20,045.

In order to substantiate Mr. Gritz's mileage expenses for 2006, petitioners provided a handwritten mileage worksheet and Mr. Gritz's flight log for June 2006. The mileage worksheet indicates the number of miles Mr. Gritz drove to and from airfields during 2006. The worksheet does not specify a business location. The June 2006 flight log indicates that Mr. Gritz had flown 18 days during the month. The mileage log indicates that Mr. Gritz traveled 1,356 miles to "work" and 60 "other" miles during June 2006.

In addition to the $4,895 in vehicle expenses Mr. Gritz reported on his 2006 Form 2106-EZ, he also reported miscellaneous business expenses of $2,150 for a cell phone, a fax machine, and the purchase of a new computer. To substantiate these items, petitioners submitted only a handwritten "income tax worksheet" for Mr. Gritz and a bank statement for the period from February 17 to March 16, 2006. Mr. Gritz prepared the worksheet "at the time [he] was preparing petitioners' tax submission", and the information was taken from petitioners' "Monthly Tax Receipt File and Banking Statements." Petitioners did not provide any further documentation, such as receipts or invoices in support of Mr. Gritz's purchases and other expenses.

During 2006 Mrs. Gritz was employed as a second grade teacher. On her 2006 Form 2106-EZ, Mrs. Gritz deducted $13,000 in unreimbursed employee

business expenses for the purchase of a computer, an Internet access card, and various books, manuals, and school supplies that petitioners claim were necessary for the performance of her duties as a teacher. Respondent allowed $2,150 of the claimed expense deductions as reasonable and disallowed the remainder. Mrs. Gritz elected to retain possession of the educational items she purchased rather than seek reimbursement from her employer because she "considers it incumbent upon a professional to maintain what she feel[s] necessary to conduct her profession."

To substantiate Mrs. Gritz's claimed deductions, petitioners submitted another handwritten "income tax worksheet" for Mrs. Gritz and the previously referenced bank statement. Petitioners did not provide any receipts or invoices related to their purchases.

## Discussion

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner in certain circumstances if the taxpayer introduces credible evidence and establishes that he substantiated items, maintained required

records, and fully cooperated with the Commissioner's reasonable requests. Sec. 7491(a)(1) and (2)(A) and (B). Petitioners have neither asserted that the burden of proof has shifted to respondent nor provided adequate substantiation of the expense deductions claimed on their 2006 Federal income tax return. Therefore, the burden of proof remains with petitioners. Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); see sec. 6001; sec. 1.6001-1(a), Income Tax Regs. (requiring taxpayers to maintain sufficient records to permit verification of deductible expenses).

I. Mr. Gritz's Automobile-Related Expenses

Section 162(a) allows a taxpayer to deduct all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Personal expenses, however, generally are not deductible. Sec. 262(a). Section 162(a)(2) allows a deduction for ordinary and necessary traveling expenses paid in the carrying on of a trade or business during the taxable year, which may include the cost of operating a passenger automobile to the extent that it is used in a trade or business.

See Heuer v. Commissioner, 32 T.C. 947, 953 (1959), aff'd per curiam, 283 F.2d 865 (5th Cir. 1960); Rev. Proc. 93-51, 1993-2 C.B. 593. Taxpayers, however, must maintain records sufficient to substantiate deductions claimed. See Hradesky v. Commissioner, 65 T.C. at 89; see also sec. 1.6001-1(a), Income Tax Regs. In the case of automobile expenses, section 274(d) disallows any deductions unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. See Oswandel v. Commissioner, T.C. Memo. 2007-183.

It is well settled that, as a general rule, the expenses of traveling between one's home and his place of business or employment constitute commuting expenses which are nondeductible personal expenses, while the costs associated with travel between work assignments are deductible. See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); Feistman v. Commissioner, 63 T.C. 129 (1974); Heuer v. Commissioner, 32 T.C. 947; see also secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. Petitioners have not contended that Mr. Gritz's residence served as an office. As a pilot for Sunset, Mr. Gritz could be assigned to fly out of any of Sunset's airfields, and he was reimbursed for any mileage expenses incurred on account of his travel

between Sunset's airfields. Petitioners' claimed mileage expense deduction relates only to the mileage Mr. Gritz incurred while traveling between his residence and the Bay Area airfield he was flying in or out of that day. Therefore, the mileage for Mr. Gritz's trips between his residence and Sunset's airfields relates to his commute to and from work and, consequently, is a personal and nondeductible commuting expense. See Sheldon v. Commissioner, 50 T.C. 24, 27 (1968). Accordingly, we find that the expenses Mr. Gritz incurred while driving from petitioners' residence to Sunset's airfields are personal and nondeductible. See Keeler v. Commissioner, T.C. Memo. 1992-172, aff'd without published opinion, 5 F.3d 528 (5th Cir. 1993).

## II. Mr. Gritz's Miscellaneous Business Expenses

Taxpayers must keep adequate records, and their business expenses must be ordinary and necessary. Secs. 162, 6001. As an employee, a taxpayer must show that the expenses were in connection with the performance of services as an employee. Sec. 1.162-17, Income Tax Regs. To substantiate Mr. Gritz's claimed expenses, petitioners submitted only a handwritten "income tax worksheet" for Mr. Gritz and a bank statement for one month. Petitioners did not provide any receipts or invoices for the claimed items. In addition, the entries in the lone bank statement petitioners provided failed to correspond to the expenditures listed in

their self-prepared "income tax worksheet". Mr. Gritz claimed nonmileage business expenses of $2,150. However, his "income tax worksheet" lists $2,877.08 as the nonmileage business expense total. Petitioners have offered no explanation for the discrepancy. Furthermore, the amounts included on Mr. Gritz's worksheet do not actually add up to the total amount listed on the worksheet's last page.

Petitioners failed to substantiate that any of the claimed expenses were ordinary and necessary expenses directly related to Mr. Gritz's employment or that they were otherwise deductible. Because petitioners have not provided the Court with evidence sufficient to indicate that any of the remaining claimed expenses were ordinary and necessary expenses directly related to Mr. Gritz's employment, we find that petitioners are not entitled to the claimed deductions. See secs. 162, 262.

III. Mrs. Gritz's Business Expenses

Mrs. Gritz was employed as a second grade teacher during 2006. On Form 2106-EZ attached to their 2006 return, petitioners claimed $13,000 in unreimbursed employee business expenses related to Mrs. Gritz's employment. The expenses included the purchases of a computer, an Internet access card, and various books, manuals, and school supplies that petitioners claim were necessary

for the performance of Mrs. Gritz's duties. In the notice of deficiency, respondent allowed $2,150 of the expenses as reasonable.

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. The performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). An ordinary expense is one that is common and acceptable in the particular business. Welch v. Helvering, 290 U.S. at 113-114. A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Id.; Heineman v. Commissioner, 82 T.C. 538, 543 (1984). An employee's trade or business is earning his compensation, and generally only those expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), aff'g T.C. Memo. 1958-60. Generally, no deduction will be allowed for personal, living, or family expenses. Sec. 262(a).

A taxpayer is entitled to deduct unreimbursed employee business expenses under section 162(a) only to the extent that the taxpayer demonstrates that the taxpayer could not have been reimbursed for the expenses by the taxpayer's employer. Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Benson v.

Commissioner, T.C. Memo. 2007-113; Putnam v. Commissioner, T.C. Memo. 1998-285.

In their petition and at trial petitioners contend that Mrs. Gritz consciously elected not to be reimbursed for her expenses, because if she were reimbursed, the items purchased would belong to the school district. Petitioners specifically indicated that they found reimbursement to be unappealing because Mrs. Gritz desired to amass a personal library of books and electronic devices. When an employee has a right to reimbursement for expenditures related to her status as an employee but fails to claim reimbursement, the expenses are not deductible because they are not "necessary"; i.e., it is not necessary for an employee to remain unreimbursed for expenses to the extent she could have been reimbursed. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 7 (1982).

Furthermore, in order to deduct business expenses, a taxpayer must maintain and keep adequate records, the expenses must be ordinary and necessary, and the expenses must be in connection with the performance of services as an employee. Secs. 162, 6001; see also sec. 1.162-17, Income Tax Regs.

Petitioners provided neither receipts nor invoices for Mrs. Gritz's claimed expenses and submitted into evidence only a handwritten "income tax worksheet"

and one month's bank statement as support. That bank statement fails to correspond to most of the claimed deductions on Mrs. Gritz's worksheet. Even though Mrs. Gritz claimed unreimbursed employee business expenses of $13,000, the items on the "income tax worksheet" total only $11,839.30. Petitioners have failed to keep adequate records for Mrs. Gritz's claimed expense deductions under section 6001, as their documents fail to show what expenses were actually incurred and whether they were ordinary and necessary. The "income tax worksheet" lists only the place where, and for how much, an item was allegedly purchased, and not a description of the item or its specific purpose. As a result of the above, we hold that petitioners are entitled to deduct Mrs. Gritz's claimed business expenses only to the extent respondent previously allowed.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.