T.C. Memo. 2020-100

UNITED STATES TAX COURT

MICHAEL K. SIMPSON AND CYNTHIA R. SIMPSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 427-17.                          Filed July 7, 2020.

<u>Richard W. Kennedy</u>, for petitioners.

<u>Inga C. Plucinski-Holbrook</u> and <u>Rebekah A. Myers</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  For the years in issue, the Simpsons filed joint returns and
deducted unreimbursed partnership and employee business expenses.  The
Commissioner issued a notice of deficiency disallowing various deductions for tax
years 2012, 2013, and 2014.  He later filed an amended answer making additional
adjustments for those years.  After concessions, we must decide whether the

[*2] Simpsons are allowed deductions for unreimbursed partnership expenses for 2012, 2013, and 2014 and unreimbursed employee business expenses for 2014.

The Simpsons are not entitled to most of the deductions at issue. The expenses were not incurred in the conduct of a trade or business, were not substantiated, were deductible at the entity level and not at the individual level, or were personal. Mrs. Simpson is allowed deductions for some of her unreimbursed employee business expenses, which were first raised in the Commissioner's amended answer, because the Commissioner failed to meet his burden of proof.

## FINDINGS OF FACT

### I.     The Simpsons

During all relevant times, the Simpsons lived in Utah. Mrs. Simpson was a teacher and school administrator, and Mr. Simpson was an executive coach. They had four sons, each of whom attended Ivy Hall Academy of Provo (Ivy Hall), the school that employed Mrs. Simpson.

### II.     The Simpsons' Employment

The Simpsons were both employed outside the home during the years in issue.

**[*3]**    A.    Ivy Hall

Mrs. Simpson was employed by Ivy Hall, a private, nonprofit grade school. Mrs. Simpson began working at the school in 2009 teaching classes and helping with the administration of the school.

Mrs. Simpson incurred expenses in the course of her employment. On their 2014 income tax return, the Simpsons reported vehicle expenses, travel expenses, meals and entertainment expenses, and miscellaneous expenses relating to Mrs. Simpson's employment. Mr. Simpson testified that Mrs. Simpson incurred unreimbursed mileage expenses "associated with meeting with parents, driving enrollment, and various meetings with the school." Mr. Simpson further testified that he thought his accountant had itemized the mileage in a log, but Mr. Simpson did not provide a log at trial. Mrs. Simpson testified that when she traveled on behalf of the school, Ivy Hall covered her expenses.

The record lacks evidence regarding Mrs. Simpson's expenses. None of the 21 exhibits attached to the parties' first stipulation of facts support her expenses. None of the exhibits produced at trial substantiate her expenses. Nothing in the record elaborates on her deductions for meals and entertainment and miscellaneous employee business expenses. Whether Ivy Hall has a reimbursement policy regarding expenses incurred by employees is not addressed

**[\*4]** by the documentary record. At trial, the Commissioner did not ask Mrs.

Simpson whether she could produce documents supporting her deductions.

### B. Franklin Covey

During 2014, Mr. Simpson was an executive coach employed by Franklin

Covey. Franklin Covey describes itself as "the world leader in helping

organizations achieve results that require lasting changes in human behavior" and

says it "provide[s] content, tools, methodology, training and thought leadership,

all based on a foundation of unshakeable principles and proven practices."[1] As an

employee of Franklin Covey, Mr. Simpson provided executive coaching and

appeared at speaking engagements for the firm. Many of these engagements

required him to travel. Franklin Covey directly paid or reimbursed Mr. Simpson

for all ordinary and necessary expenses associated with his Franklin Covey

employment.

### III. The Simpsons' Entrepreneurial Activities

In addition to their employment, the Simpsons owned two businesses:

Simpson Executive Coaching and eBusiness Advisory & Consulting Services (e-

BACS). These businesses were not clearly delineated. For example, Mr. Simpson

---

[1]See Who We Are, Franklin Covey, https://www.franklincovey.com/
About.html (last visited May 7, 2020).

[*5] claimed expenses in connection with taking his son to a football game in Atlanta, but it is unclear to which of these businesses (if any) those expenses relate.

A.    Simpson Executive Coaching

The Simpsons incorporated Simpson Executive Coaching in 2008. The stated objective of the business was to provide executive coaching services to mid- and small-sized businesses. It filed Forms 1120, U.S. Corporation Income Tax Return, for 2013 and 2014 but did not file an income tax return for 2012.

Mr. Simpson was the only person who performed services on behalf of Simpson Executive Coaching. On its 2014 return, Simpson Executive Coaching reported paying $100 of salaries and wages, but Mr. Simpson did not report wages from Simpson Executive Coaching for that year.

B.    e-BACS

The Simpsons each owned a 50% interest in e-BACS, a Utah limited liability company. E-BACS maintained a website that promoted Mr. Simpson's coaching activities for Simpson Executive Coaching and Franklin Covey. When asked to clarify what e-BACS did, Mr. Simpson explained that one of its purposes was to increase enrollment at, and drive revenue for, Ivy Hall.

**[*6]**    For each year in issue, e-BACS filed a Form 1065, U.S. Return of Partnership Income, showing expenses greater than income.  For 2012, e-BACS reported $4,500 of gross receipts and claimed $39,143 of deductions.[2]  For 2013, e-BACS reported $6,700 of gross receipts and claimed $24,836 of deductions.  For 2014, e-BACS reported no income but claimed $25,942 of deductions.  When asked why e-BACS did not have income, Mr. Simpson explained that profits were based on enrollment at Ivy Hall.

Either directly or through e-BACS, the Simpsons incurred expenses on behalf of Ivy Hall.  For example, the Simpsons claimed deductions for expenses for math fliers and teaching materials incurred on behalf of e-BACS.  They also claimed travel deductions for e-BACS including expenses for trips for the benefit of Ivy Hall.

IV.    The Simpsons' "Investment" in Ivy Hall

Mr. and Mrs. Simpson were deeply involved in the school.  In 2013, they donated property to the school and claimed a charitable contribution deduction.  Three of the Simpsons' four children attended the school during the years in issue.

---

[2]All monetary amounts are rounded to the nearest dollar.

**[*7]** Both of the Simpsons traveled with Ivy Hall. Mrs. Simpson chaperoned class trips to Italy and Washington, D.C., and Mr. Simpson accompanied her on these trips.

The Simpsons viewed their activities with Ivy Hall as an investment. Mrs. Simpson contemplated converting Ivy Hall into a for-profit school and intended to eventually profit from it as an owner. She stated at trial that "eventually we'll take this over so we can run it the way we think it needs to be run in order to make some money." She believed that eventually the school's enrollment would grow, and she would be able to receive a larger salary from a profitable institution. Mr. Simpson described e-BACS, and himself and his wife, as investors in Ivy Hall. But the record does not establish that the Simpsons or e-BACS owned any interest in Ivy Hall.

V.    The Simpsons' Returns for 2012, 2013, and 2014

The Simpsons filed joint returns and claimed deductions for $22,579, $19,190, and $15,057 of unreimbursed partnership expenses for tax years 2012, 2013, and 2014, respectively. They reported $61,971 of unreimbursed employee business expenses for 2014. They attached to their 2014 Form 1040, U.S. Individual Income Tax Return, a statement explaining that the expenses included $425 of school supplies, $562 of books, $3,247 of computer expenses, and

[*8] $57,737 of "Form 2106 Expenses."  They also each attached Form 2106, Employee Business Expenses.  Mrs. Simpson reported $17,261 of expenses, including vehicle expenses, travel expenses, meals and entertainment expenses, and miscellaneous expenses.  Mr. Simpson reported $40,476 of the same types of expenses.

VI.    The Commissioner's Adjustments

The Commissioner issued the Simpsons a notice of deficiency for tax years 2012, 2013, and 2014.  Among other determinations made in that notice, the Commissioner disallowed the Simpsons' deductions for unreimbursed partnership expenses and unreimbursed employee business expenses.  The Commissioner disallowed the unreimbursed employee business expense deductions for 2012 and 2013, and the some of the unreimbursed partnership expense deductions for 2013 and 2014.

While residing in Utah, the Simpsons filed a petition challenging the determinations made in the notice of deficiency.  They disputed all the determinations made by the Commissioner and alleged that they could substantiate the disallowed deductions.

The Commissioner filed an amended answer raising new matters and increasing the deficiencies.  In the amended answer, the Commissioner disallowed

**[\*9]** deductions for some of the Simpsons' unreimbursed employee business expenses for 2014 and unreimbursed partnership expenses for 2012.

The parties settled many of the issues raised in the notice of deficiency before trial. After stipulations, the issues remaining for trial were whether the Simpsons (1) may deduct unreimbursed employee business expenses for 2014; (2) may deduct unreimbursed partnership expenses for 2012, 2013, and 2014; and (3) are liable for penalties under section 6662(a) for all years in issue.[3] The Commissioner has since conceded the penalties.

OPINION

I. Jurisdiction and Burden of Proof

We have jurisdiction to review and redetermine the Commissioner's determinations, as set forth in a notice of deficiency, if a taxpayer files a timely petition challenging those determinations.[4] The Simpsons timely filed a petition challenging each determination made by the Commissioner in his notice of deficiency.

---

[3]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[4]Sec. 6213(a).

**[*10]** Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayers bear the burden of proving otherwise.[5] However, the Commissioner bears the burden as to "any new matter, increases in deficiency, and affirmative defenses, pleaded in the answer."[6] Which party bears the burden of proof is relevant only in the event of an evidentiary tie or a failure of proof.[7]

In this case, each party bears the burden of proof as to some issues and years. Among the issues remaining for decision are the Simpsons' claimed loss deductions for 2013 and 2014. The Commissioner disallowed these in his notice of deficiency. The Simpsons do not argue for, and the record does not support, shifting the burden of proof under section 7491(a), and they bear the burden of proof on those issues. To meet their burden the Simpsons must establish that they

---

[5]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden with respect to a factual issue may shift to the Commissioner when a taxpayer introduces credible evidence regarding the issue, has complied with the relevant substantiation and record-keeping requirements, and has cooperated with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a).

[6]Rule 142(a)(1).

[7]Vandenbosch v. Commissioner, T.C. Memo. 2016-29, at *11.

[*11] are entitled to those deductions.[8]  The Commissioner asserted as a new matter in his amended answer the disallowance of some of the Simpsons' unreimbursed partnership expenses for 2012 and their unreimbursed employee business expenses for 2014.  The Commissioner bears the burden as to those issues.  The Commissioner may meet his burden by showing that the Simpsons have failed to substantiate the expenses.[9]

II.    Business Deductions, Generally

Section 162 allows taxpayers to deduct "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."[10] This includes deductions for unreimbursed employee business expenses that are ordinary and necessary to the business of being an employee.[11]

A.    Unreimbursed Partnership Expenses

The partnership expenses the Simpsons reported for 2012, 2013, and 2014 for their partnership, e-BACS, remain in issue.  The burden of proof is on the Commissioner for 2012 and on the Simpsons for 2013 and 2014.  The Simpsons

---

[8]See Phillips v. Commissioner, T.C. Memo. 2013-215, at *22.

[9]See Phillips v. Commissioner, at *27-*28.

[10]Sec. 162(a).

[11]See Cates v. Commissioner, T.C. Memo. 2017-178, at *11.

[*12] are not entitled to these deductions because e-BACS was not engaged in carrying on a trade or business.

To deduct expenses under section 162, a taxpayer must be engaged in carrying on a trade or business.[12] We decide whether a taxpayer's activities constitute carrying on a trade or business by looking at the facts and circumstances of the case.[13] In the Court of Appeals for the Tenth Circuit, the circuit to which an appeal of this case would lie,[14] a taxpayer is engaged in a trade or business if "the taxpayer's primary purpose and intention in engaging in the activity is to make a profit."[15]

The purpose of e-BACS was to support Ivy Hall, and it had no independent purpose. Mr. Simpson testified that the purpose of e-BACS was to create revenue for Ivy Hall by increasing enrollment. He traveled for e-BACS for the purpose of increasing enrollment at Ivy Hall. The costs of math fliers and teaching materials

---

[12]Sec. 162(a).

[13]Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987).

[14]See Golsen v. Commissioner, 54 T.C. 742 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

[15]Snyder v. United States, 674 F.2d 1359, 1362 (10th Cir. 1982) (citing Golanty v. Commissioner, 72 T.C. 411, 425 (1979), aff'd, 647 F.2d 170 (9th Cir. 1981)).

[*13] reported as partnership expenses were incurred to benefit Ivy Hall. The partnership had little revenue in 2012 and 2013 and none in 2014, yet incurred these expenses because it prioritized supporting Ivy Hall over making a profit. Any executive coaching done through e-BACS was incidental to the goal of supporting Ivy Hall.

Generally, a nonprofit endeavor does not constitute a trade or business for the purpose of deducting expenses under section 162, even if the endeavor is engaged in by a for-profit entity.[16]

E-BACS was not engaged in a trade or business for the purpose of section 162 because its primary purpose was to support Ivy Hall, a nonprofit school. Regardless of the Simpsons' aspirations to eventually profit from Ivy Hall, either directly or through e-BACS, they could not do so during the years in issue. Ivy Hall was a tax-exempt entity, and they did not own an interest in Ivy Hall. For e-BACS or the Simpsons to profit from Ivy Hall, they would need to acquire an interest in Ivy Hall, and the school would have to reorganize as a taxable entity and relinquish its tax-exempt status. That Mrs. Simpson might have contemplated eventually bringing about these changes is irrelevant; during the years in issue, the

---

[16]Iowa State Univ. of Sci. & Tech. v. United States, 500 F.2d 508 (Ct. Cl. 1974); Synanon Church v. Commissioner, T.C. Memo. 1989-270, 57 T.C.M. (CCH) 602, 630 (1989).

**[\*14]** entity was not a profit-making business and neither the Simpsons nor

e-BACS owned an interest.

B.    Unreimbursed Employee Business Expenses

The unreimbursed employee business expenses the Simpsons deducted for

2014 remain in issue, and the Commissioner bears the burden of proof.  The

ordinary and necessary expenses incurred in the trade or business of being an

employee are deductible under section 162.[17]  An employee's trade or business is

earning compensation from the employer, and generally only those expenses that

are related to the continuation of employment are deductible.[18]

When an employee has a right to reimbursement for expenditures related to

his status as an employee but fails to claim reimbursement, the expenses are not

necessary and are not deductible.[19]  An employee cannot fail to seek

---

[17]Lucas v. Commissioner, 79 T.C. 1, 6 (1982); Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976).

[18]Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), aff'g T.C. Memo 1958-60; Farias v. Commissioner, T.C. Memo. 2011-248, 102 T.C.M. (CCH) 402, 403 (2011).

[19]Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. at 7.

[*15] reimbursement and convert the employer's expenses into the employee's.[20]

The prohibition of a deduction for reimbursable expenses is a "bright line rule"

and applies even when the employee is unaware that the expenses are

reimbursable.[21]

### 1. Mrs. Simpson

Mrs. Simpson may deduct some of the expenses she reported for 2014. She

was an employee of Ivy Hall that year. She reported expenses including vehicle

expenses, travel expenses, meals and entertainment expenses, and miscellaneous

expenses. The Commissioner bears the burden of proof on this issue, and to

prevail he must persuade us that Mrs. Simpson is unable to substantiate the

expenses. He has met this burden as to the vehicle and travel expenses but not as

to the meals and entertainment and miscellaneous expenses.

Taxpayers must maintain sufficient records to establish their claimed

deductions, retain these records for as long as the contents may become material,

---

[20]Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972); Putnam v. Commissioner, T.C. Memo. 1998-285, 76 T.C.M. (CCH) 238, 240 (1998).

[21]Orvis v. Commissioner, 788 F.2d at 1408; Richards v. Commissioner, T.C. Memo. 2014-88, at *10; Mulne v. Commissioner, T.C. Memo. 1996-320, 72 T.C.M. (CCH) 111, 113 (1996).

[*16] and keep these records available for inspection.[22] Additionally, deductions for certain expenses are subject to strict substantiation rules under section 274(d).[23] Such expenses include those relating to travel, meals and entertainment, gifts, and listed property under section 280F(d)(4).[24] For the years in issue, listed property includes any passenger automobile, any other property used as a means of transportation, any property of a type generally used for purposes of entertainment, recreation, or amusement, computers, and any other property of a type specified by the Secretary by regulations.[25] To comply with the strict substantiation rules, the taxpayer must have adequate records or sufficient evidence corroborating the amount of the expense, the time and the place the expense was incurred, the business purpose of the expense, and the business relationship of the taxpayer to any others benefited by the expense.[26] Adequate records require that the taxpayer

---

[22]Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

[23]Sanford v. Commissioner, 50 T.C. 823, 826-829 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

[24]Sec. 274(d).

[25]Sec. 280F(d)(4).

[26]Sec. 274(d).

**[*17]** maintain an account book, a log, a diary, or a similar record and documentary evidence to establish each element of an expenditure.[27]

Because the burden is on the Commissioner as to Mrs. Simpson's 2014 unreimbursed employee business expenses, he must show that Mrs. Simpson either is not entitled to deduct the expenses or cannot substantiate the expenses.[28] In Storey, the Commissioner bore the burden of proof on the substantiation issue raised.[29] There, the Commissioner did not meet his burden because, while he was able to point to inadequacies in the records provided as substantiation, the taxpayer provided additional information when questioned.[30] Here, when asked, the Simpsons did not provide any substantiation of Mrs. Simpson's expenses. We consistently hold that when a party does not provide evidence available to the party, we may draw an adverse inference.[31] To the extent Mrs. Simpson did not

---

[27]Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

[28]See Phillips v. Commissioner, at *27-*28.

[29]Storey v. Commissioner, T.C. Memo. 2012-115.

[30]Storey v. Commissioner, T.C. Memo. 2012-115.

[31]Abramson v. Commissioner, T.C. Memo. 1987-276 (citing Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947)).

[*18] provide records to substantiate her expenses, we will infer that she is unable to do so.

### a. Vehicle Expenses

The Commissioner has met his burden as to Mrs. Simpson's vehicle expenses by demonstrating that the Simpsons cannot meet the requirements of strict substantiation under section 274(d). The Simpsons provided no documentary support of Mrs. Simpson's vehicle expenses; they produced no mileage log or similar substantiation. Mrs. Simpson did not testify about her business use of her vehicle. Mr. Simpson testified that a log existed, but he did not provide it. We do not find Mr. Simpson's testimony on the existence of a log to be credible, and we draw an adverse inference from his failure to produce any such log. The Simpsons cannot substantiate this expense, and the deduction is disallowed.

### b. Travel

The Commissioner met his burden by showing that Mrs. Simpson was entitled to reimbursement for any travel expenses she incurred as an employee. Employees may not deduct expenses for which they are entitled to reimbursement. Mrs. Simpson testified that all of her expenses related to travel for Ivy Hall were covered by the school. It follows that, if Mrs. Simpson actually incurred any

[*19] travel expenses for Ivy Hall, they were reimbursed. She may not personally deduct them.

c.     Meals, Entertainment, and Miscellaneous Expenses

The Commissioner has not met his burden as to Mrs. Simpson's meals, entertainment, and miscellaneous expenses because he did not show that Mrs. Simpson could not substantiate them or that she was entitled to reimbursement. The record neither contains a reimbursement policy from Ivy Hall regarding those expenses nor establishes whether such a policy existed in 2014. Although Mrs. Simpson testified that she received reimbursement for travel expenses, the record is silent as to reimbursement of her meals and entertainment expenses. At trial, the Commissioner did not ask whether Mrs. Simpson could produce substantiation for these expenses or whether she was entitled to reimbursement from Ivy Hall. The Commissioner has not met his burden, and Mrs. Simpson may deduct these expenses.

d.     Unspecified Expenses

The record is likewise silent as to Mrs. Simpson's reported expenses of $425 for school supplies, $562 for books, and $3,247 for computer costs. These appear to relate to Mrs. Simpson's employment at Ivy Hall. As with Mrs. Simpson's meals and entertainment expenses, the record is silent as to these

[*20] deductions.  Because the Commissioner bore the burden on this issue and the record is silent, he failed to show that the Simpsons are not entitled to these deductions.

### 2.  Mr. Simpson

The Commissioner proved that Mr. Simpson cannot establish he is entitled to deduct unreimbursed employee business expenses for 2014.  Mr. Simpson was employed by Franklin Covey and Simpson Executive Coaching in 2014.

### a.  Franklin Covey

The record is murky as to whether Mr. Simpson incurred any unreimbursed expenses in his employment with Franklin Covey, but if he had any such expenses, he is not entitled to deduct them.  Mr. Simpson may not deduct any expenses that were eligible for reimbursement from his employer.  Franklin Covey's policy was to reimburse expenses, so Mr. Simpson could have submitted for reimbursement any expenses he incurred in the course of his employment.  Therefore, Mr. Simpson may not deduct any business expenses incurred in the course of his employment with Franklin Covey.

### b.  Simpson Executive Coaching

Mr. Simpson reported expenses of Simpson Executive Coaching on the couple's personal return.  We do not need to decide whether those expenses are

**[\*21]** bona fide business expenses, because even if they are bona fide business expenses, they are not deductible on the Simpsons' personal return. If these expenses were corporate business expenses, they should have been deducted on Simpson Executive Coaching's return, not on the Simpsons' individual return.

A taxpayer who decides to conduct a business in the corporate form may not personally deduct corporate expenses.[32] When a taxpayer adopts the corporate form, "so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity."[33] "A taxpayer's choice to adopt the corporate form requires the acceptance of its tax disadvantages."[34] When a taxpayer tries to avoid the tax disadvantages of the corporate form, however, the "claim that his controlled corporation should be disregarded will be closely scrutinized."[35]

---

[32]Deputy v. du Pont, 308 U.S. 488, 494 (1940).

[33]Moline Props., Inc. v. Commissioner, 319 U.S. 436, 439 (1943) (citing New Colonial Ice Co. v. Helvering, 292 U.S. 435, 442 (1934), and du Pont, 308 U.S. at 494.

[34]Rochlani v. Commissioner, T.C. Memo. 2015-174, at \*7.

[35]Strong v. Commissioner, 66 T.C. 12, 24 (1976), aff'd without published opinion, 553 F.2d 94 (2d Cir. 1977).

[*22] Mr. Simpson chose to incorporate his business, and we hold him to that choice. For 2014, the corporation filed its own return, Form 1120, and Mr. Simpson, as the owner of Simpson Executive Coaching, could have claimed any business expense deductions on that return. Mr. Simpson is not entitled to benefit from conducting his activities through a corporation and then benefit again from deducting the expenses of the corporation as an individual. Mr. Simpson may not deduct the expenses of Simpson Executive Coaching on his personal return.

### C. Alternative Arguments

The Simpsons argue in the alternative that the disallowed deductions for partnership expenses Mrs. Simpson incurred are deductible as unreimbursed employee business expenses. Generally, for a taxpayer to deduct business expenses, the expenses must be those of that taxpayer, not the expenses of another taxpayer.[36] A taxpayer who chooses to conduct a business in the corporate form is bound to that form. And similarly, a partner generally cannot deduct expenses of a

---

[36]Hudlow v. Commissioner, T.C. Memo. 1971-218, 30 T.C.M. (CCH) 894, 899 (1971).

[*23] partnership directly on his income tax return.[37]  And finally, no deduction is permitted for personal, living, or family expenses.[38]

The Simpsons do not get to choose to whom deductions belong.  Expenses incurred by Mrs. Simpson on behalf of e-BACS are not deductible by her as an employee of Ivy Hall.  E-BACS and Ivy Hall are separate taxpaying entities.  And the evidence does not support her deducting these expenses as unreimbursed employee business expenses in her capacity as an employee of Ivy Hall.

The record shows the lack of distinction among partnership, corporate, individual business, and individual personal expenditures made by the Simpsons.  One of the reimbursement forms contains both e-BACS and Simpson Executive Coaching in the title.  This form states that expenses are for e-BACS (as the client) and that Mr. Simpson (as president of Simpson Executive Coaching) is the employee seeking reimbursement.  It is not clear what entity incurred the expenses, for what business purpose, or whether the expenses were ever paid or

---

[37]See Cropland Chem. Corp. v. Commissioner, 75 T.C. 288, 295 (1980), aff'd without published opinion, 665 F.2d 1050 (7th Cir. 1981).  An exception to this rule occurs when partners agree that particular partners shall pay certain partnership expenses out of their own funds.  Id.  Where the exception applies, the partner is entitled to deduct the amount of the expense from his individual gross income.  See id.; Klein v. Commissioner, 25 T.C. 1045, 1051-1052 (1956).

[38]Sec. 262(a)

[*24] reimbursed by another of the Simpsons' entities. Personal expenses are also mixed in. We do not find credible, for example, that Mr. Simpson's travel with Mrs. Simpson and their children on school trips or Mr. Simpson's taking his son to a football game in Atlanta was incurred on behalf of any business, rather than for personal benefit.

III.  Conclusion

The Simpsons failed to meet their burden of proof to establish that they were entitled to any of the deductions for which they bore the burden. As to the items for which the Commissioner bore the burden, he established that the Simpsons may not deduct Mrs. Simpson's travel expenses or the 2012 partnership expenses. The Commissioner did not meet his burden as to Mrs. Simpson's meals, entertainment, or miscellaneous other expenses. To reflect the foregoing and the concessions by the parties,

Decision will be entered under

Rule 155.